LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MAURICIO ZAVALA,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

               Plaintiff,

    v.

MOZO EXCAVATION INC,
       d/b/a MOZO EXCAVATION,
MOZO VENTURES INC,
       d/b/a 84 LANDSCAPING,
MONICA MOZO, and
JOSE MOZO,

               Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff MAURICIO ZAVALA ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, MOZO EXCAVATION INC, d/b/a MOZO EXCAVATION, MOZO VENTURES INC. d/b/a 84 LANDSCAPING (collectively, "Corporate Defendants"), MONICA MOZO, and JOSE MOZO, (collectively, "Individual Defendants," and collectively with the Corporate Defendants, "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

3. Plaintiff additionally alleges for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees, and costs in this matter because Defendants willfully filed fraudulent tax information.

4. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d) forms with the Internal Revenue Service ("IRS").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff is a resident of Orange County of New York.

8. Corporate Defendant MOZO EXCAVATION INC is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 38 Little Britain Road, Newburgh, NY 12550 an address for service of process located at P.O. BOX 2699, Newburgh, New York 12550.

9. Corporate Defendant MOZO VENTURES INC is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 38 Little Britain Road, Newburgh, NY 12550 and an address for service of process located at 43 Taft Ave, Newburgh, New York 12550.

10. Individual Defendant MONICA MOZO is an owner and principal of Corporate Defendants. Defendant MONICA MOZO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. Defendant MONICA MOZO exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees could complain to Defendant MONICA MOZO directly regarding any of the terms of their employment, and Defendant MONICA MOZO had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11. Individual Defendant JOSE MOZO is an owner and principal of the Corporate Defendant. Defendant JOSE MOZO exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. Defendant JOSE MOZO exercises

the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees could complain to Defendant JOSE MOZO directly regarding any of the terms of their employment, and Defendant JOSE MOZO had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

12. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiff MAURICIO ZAVALA brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to mowers, machine operators, technicians, gardeners, plowers, helpers, and laborers employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff MAURICIO ZAVALA and FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have

4

culminated in a willful failure and refusal to pay Plaintiff MAURICIO ZAVALA and FLSA Collective Plaintiffs for all overtime hours worked at one-and-one half times their base hourly rates for each hour worked in excess of forty (40) per workweek. Plaintiff MAURICIO ZAVALA's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17. Plaintiff brings claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not limited to mowers, machine operators, technicians, gardeners, plowers, helpers, and laborers employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

18. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

5

19. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff MAURICIO ZAVALA's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) failing to pay overtime premium (ii) failing to pay spread of hours, (iii) failing to provide wage statements in compliance with the New York Labor Law, (iv) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures by Defendants.  All the Class Members were also subject to the same corporate practices of Defendants, namely, filing fraudulent tax information regarding their employment to the IRS.

21. Plaintiff MAURICIO ZAVALA is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff MAURICIO ZAVALA is represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

    b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

    d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

    e) Whether Defendants paid Plaintiff and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

    f) Whether Defendants paid the "spread of hours" premium owed to Plaintiff and the Class members working more than ten (10) hours per day as required by New York Labor Law;

g) Whether Defendants provided to Plaintiff and the Class members proper wage and hour notices at date of hiring and as required thereafter, as required under the New York Labor Law;

h) Whether Defendants provided proper wage statements informing Plaintiff and the Class members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law; and

i) Whether Defendants provided to Plaintiff and the Class members proper wage statements with each payment of wages, as required under the New York Labor Law.

## STATEMENT OF FACTS

25. In or around June 2018, Plaintiff MAURICIO ZAVALA was hired by Defendants to work as a machine operator for Defendants' Mozo Excavation and 84 Landscaping located at 38 Little Britain Rd, Newburgh, New York 12550. Plaintiff's employment with Defendants terminated in or around June 2020.

26. Throughout his employment with Defendants, Plaintiff was scheduled to work six (6) days per week from 7:00 a.m. to 7:00 p.m., with a lunch break of one (1) hour per shift, for a total of sixty-six (66) hours per week. During Plaintiff's MAURICIO ZAVALA employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

27. Throughout his employment with Defendants, Plaintiff MAURICIO ZAVALA was paid at the following straight time hourly rates:

a) During June 2018, Plaintiff was paid at a rate of $14 per hour.

b) During July 2018, Plaintiff was paid at a rate of $15 per hour.

9

    c) From August 2018 to in or around May 2019, Plaintiff was paid at a rate of $16 per hour.

    d) From in or around June 2019 to the end of his employment, Plaintiff was paid at a rate of $17 per hour.

28. Throughout his employment with Defendants, Plaintiff was paid in payroll check for the first forty (40) hours per week and in cash for hours worked in excess of forty (40) at the same straight-time hourly rate. Class members similarly were paid for their overtime in cash at a straight time rate.

29. Throughout Plaintiff's employment with Defendants, he was never paid the overtime premium of one-and-half times his regular rate of pay for his hours worked in excess of forty (40) hours per week, as required under the FLSA and NYLL. Class members similarly were not paid overtime premium.

30. Throughout his employment with Defendants, Plaintiff MAURICIO ZAVALA was required to work on a daily basis shifts exceeding ten (10) hours in duration and would never receive spread of hour's premium. Similarly, Class Members were frequently required to work shifts exceeding ten (10) hours in duration for which they were not paid spread of hours premium.

31. Defendants never provided Plaintiff MAURICIO ZAVALA with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

32. Defendants did not provide Plaintiff MAURICIO ZAVALA with proper wage statements at all relevant times. Similarly, the Class members also did not receive proper wage statements, in violation of the NYLL.

33. Defendants had a legal obligation to file accurate tax statements with the IRS.

34. Defendants' actions were willful and showed reckless disregard for the provisions of the Internal Revenue Code.

35. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

36. Plaintiff realleges and incorporates all the foregoing paragraphs of this class and collective action Complaint as if fully set forth herein.

37. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

39. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

40. At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

41. At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for overtime hours worked in excess of forty (40) hours worked each week at one-half of the regular rate.

42. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

45. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premium, and an equal amount as liquidated damages.

46. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

## **ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

47. Plaintiff realleges and incorporates all the foregoing paragraphs of this class and collective action Complaint as if fully set forth herein.

48. At all relevant times, Plaintiff and the Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.

49. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Class Members for overtime hours worked in excess of 40 (forty) hours at one-half the regular rate.

50. In addition, Defendants willfully violated Plaintiff and the Class members' rights by failing to pay them spread of hours premiums required by state law.

51. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

52. Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees, in direct violation of the New York Labor Law.

53. Defendants failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by New York Labor Law § 195(3).

54. Due to Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime premium, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## COUNT III

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS
## UNDER 26 U.S.C. § 7434(a)

55.     Plaintiff realleges and incorporates all the foregoing paragraphs of this class and collective action Complaint as if fully set forth herein.

56.     Plaintiff and Class Members were paid in checks for the first forty (40) hours worked per week and in cash for excess hours worked over forty (40) hours per week.

57.     By failing to provide Plaintiff, FLSA Collective Plaintiffs and Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiff and Class Members as compensation for all of the work Plaintiff, FLSA Collective Plaintiff and Class Members performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

58.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAURICIO ZAVALA, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

    b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    c. An award of unpaid overtime compensation under the FLSA and NYLL;

    d. An award of unpaid spread of hours premium due under the NYLL;

    e. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

    f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages pursuant to the FLSA or NYLL;

    g. An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

    h. Designation of Plaintiff MAURICIO ZAVALA as Representative of the FLSA Collective Plaintiffs;

    i. Designation of this action as a class action pursuant to F.R.C.P. 23;

    j. Designation of Plaintiff as Representative of the Class; and

    k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 16, 2021          Respectfully submitted,

                                            LEE LITIGATION GROUP, PLLC

                                   By:     */s/ C.K. Lee*

                                            C.K. Lee (CL 4086)
                                            Anne Seelig (AS 3976)
                                            148 West 24th Street, 8th Floor
                                            New York, NY 10011
                                            Tel.: 212-465-1188
                                            Fax: 212-465-1181
                                            *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*